GRIMES, Senior Justice,
dissenting.
I cannot agree that Harris should be denied a refund for the payments made to BellSouth subsequent to January 1, 1989. The Commission’s rationale for declining to order a refund was as follows:
Although we find that the facilities are complex inside wire, -it does not appear BellSouth has violated any Florida rules, regulations or statutes. Further, given the apparent inconsistency between the FCC’s Final Rule and . Note B to Account 242, it is unclear whether any FCC rules or regulatiqns have been violated.
Yet, the Commission had already concluded that any ambiguity created by Note B was set at rest by 1984. Thus, the Commission stated:
With respect to BellSouth’s argument on Note B of Account 242, we believe that prior to 1984, that note could be interpreted to include the facilities at issue. On the other hand, we believe that the FCC’s Final Rule is clear that the FCC intended that embedded intrasystem wiring be recorded in Account 232 and amortized in accordance with its Expensing Order.
(Emphasis added.)
Had the wire been recorded in account 232, there is no dispute that Harris could not have been charged for it after January 1, 1989, because the Commission had ordered the balance of account 232 to be amortized by that date. It makes no difference that the Commission, itself, had not previously directed the wire to be recorded in account 232 because the Commission’s own rule requires telephone companies to comply with the FCC uniform system of accounts. Fla. Admin. Code R25-4.0017.
In essence, the Commission seemed to have been seeking a compromise solution by *531 not wishing to penalize BellSouth for mistakenly faffing to follow the clear import of the FCC’s 1984 order. Yet, once the Commission concluded that the intent of the FCC’s 1984 order was to require the wiring at issue in this case to be recorded in account 232, it is clear that Harris should not have been charged for it after January 1,1989. To hold otherwise rewards BellSouth for its mistake.[2]
I respectfully dissent.
HARDING and WELLS, JJ., concur.

. Significantly, BellSouth does not defend the claim for refund in this proceeding on grounds of payment or limitations.